# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-543V
UNPUBLISHED

| | |
|---|---|
| FREDERICK SINGER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 19, 2021<br><br>Motion for decision; Dismissal; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 11, 2021, Frederick Singer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Mr. Singer alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") from an influenza vaccine he received on November 8, 2019. ECF no. 1.

On July 16, 2021, Mr. Singer filed a motion for a decision dismissing his petition. ECF no. 9. For the reasons set forth below, Mr. Singer's motion is **GRANTED**, and this case is **DISMISSED**.

In his petition, Mr. Singer alleged that that he received an influenza vaccination but did not otherwise detail any of his symptoms or medical treatment. ECF No. 1. Aside

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

from an affidavit, Mr. Singer did not submit any medical records or other supporting documentation with the petition.

The February 3, 2021 PAR Initial Order required Mr. Singer to file all the statutorily required documents, including medical records supporting the vaccination, pre-vaccination treatment, and post-vaccination treatment. ECF No. 5. Mr. Singer received three extensions of time but did not file any document to comply with the PAR Initial Order.

On July 16, 2021, Mr. Singer filed a motion for a decision dismissing his petition stating that "After a review of relevant medical records, Petitioner is unable to demonstrate six (6) months of sequelae." ECF No. 10.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Mr. Singer alleged that he sustained a SIRVA Table Injury.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). For a Table Injury, among other requirements, a petitioner must establish with supporting documentation that he received a covered vaccine, that he sustained a covered injury, and that he either suffered the effects of this injury for at least six months or the injury resulted in inpatient hospitalization and surgical intervention. § 300aa—11(c)(1). Mr. Singer has not established any of these preliminary requirements. Moreover, Mr. Singer admitted in his motion for a decision that he will not be able to prove he suffered the alleged injury for at least six months.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

                                              **s/Brian H. Corcoran**
                                              Brian H. Corcoran
                                              Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."